FILED

08 JAN 28 PM 3:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. DAPHNE ROSALINDA JACKSON (5), aka Daphne R. Rae, Defendant. | Criminal Case No. 08mj0132-NLS<br><br>**DETENTION ORDER**<br>(After Hearing) |
|---|---|

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held to determine whether defendant DAPHNE ROSALINDA JACKSON, aka Daphne R. Rae ("Defendant"), should be held in custody pending trial, on the ground that Defendant is a flight risk. Assistant U.S. Attorney Andrew G. Schopler appeared on behalf of the United States; Douglas Brown, Esq., appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the criminal complaint, the Court concludes the following: the Government met its burden by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

//
//
//
//
//

I.

# FINDINGS OF FACT

**A.     Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

1.  Defendant is charged in a criminal complaint with conspiracy to distribute cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Therefore, there exists probable cause to believe Defendant committed the charged offense.

2.  Because a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community. 18 U.S.C. § 3142(e).

3.  If convicted of this charge, Defendant faces a mandatory minimum sentence of 10 years imprisonment. 21 U.S.C. § 841(b)(1).

4.  Under the United States Sentencing Guidelines, even if the mandatory minimum did not apply, the Base Offense Level would likely be at least 34. See USSG § 2D1.1. Even assuming Defendant's criminal history score only places Defendant in Criminal History Category III, see USSG § 4A1.1, the Guidelines sentencing range for Defendant is 188-235 months in prison after trial, or 135-168 months in prison, with a -3 for acceptance of responsibility.

5.  In this case, the nature and severity of the offense favors detention.

**B.     Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]**

6.  The weight of the evidence against Defendant is strong in that there are numerous wire intercepts indicating that Defendant engaged in drug trafficking.

7.  Although this factor is to be given the least weight, there is probable cause to believe the Defendant committed the charged offense, which favors detention.

//

//

C. **History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

8. Defendant is a citizen of the United States.

9. Defendant claims to reside in El Cajon, California, although Pretrial Services records indicate that Defendant is homeless. Defendant lived in Colorado prior to 2 years ago.

10. Defendant is separated from her husband, who resides in Colorado.

11. Defendant appears to be unemployed.

12. Defendant has previously been convicted of approximately 9 misdemeanors and three felonies (theft-related convictions in 1997, 1999 and 2001).

13. Defendant has a history of failures to appear. The Pretrial Services Report indicates approximately 3 documented failures to appear for court.

14. Defendant also has a history of probation revocations. The Pretrial Services Report indicates approximately 4 probation revocations.

15. Defendant has a history of substance abuse issues.

D. **Nature and Seriousness of Danger Posed by Release [18 U.S.C. § 3142(g)(4)]**

16. The evidence that Defendant would pose a danger to any person or the community consists of the fact that Defendant is charged with a serious drug-trafficking offense.

## II.

## REASONS FOR DETENTION

17. There is probable cause to believe that the Defendant committed the offense charged.

18. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, Defendant faces a potentially substantial mandatory minimum sentence of imprisonment. Defendant therefore has a strong motive to flee.

19. Defendant has not rebutted the presumption that arises from the Court's finding of probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801

3

1  et seq.), that no condition or combination of conditions will reasonably assure the appearance of
2  Defendant at future court proceedings.

### III.
### ORDER

5      IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

6      IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

11     While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

16     THIS ORDER IS ENTERED WITHOUT PREJUDICE.

17     IT IS SO ORDERED.

DATED: 1-26-08

Hon. NITA L. STORMES
United States Magistrate Judge

Prepared by:

ANDREW G. SCHOPLER
Assistant U.S. Attorney

4